UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS ANTONIO RIVERA,

                    Plaintiff,

          -against-

DUTCHESS COUNTY JUSTICE AND
TRANSITION CENTER; PRIMECARE
MEDICAL; LPN NASHIRA EVORA; MID-
HUDSON REGIONAL HOSPITAL;
ENVIROCARE COMPANY,

                    Defendants.

**ORDER OF SERVICE**

25-CV-6312 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at the Dutchess County Justice and Transition Center, brings this action, *pro se*, under 42 U.S.C. § 1983. By order dated December 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

A.    Claims Against the Dutchess County Justice and Transition Center ("DCJTC")

The complaint names the Dutchess County Justice & Transition Center ("DCJTC") as a defendant. "Courts look to state law when determining whether a municipal agency may be sued." *Rogers v. Cartagena*, 2013 WL 1285169, at *3 (S.D.N.Y. Mar. 28, 2013) (citing Fed. R. Civ. P. 17(b)(3)).

Unless otherwise authorized by a municipal charter, municipal agencies and departments are not suable entities; they do not have the capacity to be sued, as opposed to the respective municipalities themselves. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." (emphasis in original)); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."); *Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities. The only proper defendant in a lawsuit against an agency of a municipality is the municipality itself, not the agency through which the municipality acted.").

The Court therefore dismisses Plaintiff's claims against the DCJTC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.      Order of Service on Remaining Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the remaining Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Court dismisses Plaintiff's claims against the Dutchess County Justice and Transition Center. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

The Clerk of Court is instructed to issue summonses for Defendants PrimeCare Medical, LPN Nashira Evora,[3] Mid-Hudson Regional Hospital, and Enviro Care, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    White Plains, New York
          March 20, 2026

_____
PHILIP M. HALPERN
United States District Judge

---

[3] Plaintiff provides two service addresses for PrimeCare Medical and LPN Evora, and the Court orders service on these Defendants at both addresses.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      PrimeCare Medical
        3940 Locust Lane
        Harrisburg, PA 17109

2.      PrimeCare Medical
        Dutchess County Justice and Transition Center
        150 North Hamilton Street
        Poughkeepsie, N.Y. 12601

3.      LPN Nashira Evora
        PrimeCare Medical
        3940 Locust Lane
        Harrisburg, PA 17109

4.      LPN Nashira Evora
        Dutchess County Justice and Transition Center
        150 North Hamilton Street
        Poughkeepsie, N.Y. 12601

5.      Mid-Hudson Regional Hospital
        240 North Road
        Poughkeepsie, N.Y. 12601

6.      Enviro Care Co.
        505 North Main Street
        North Salt Lake City, UT. 84054